IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 08-20 |
| v. | : | |
| CHRISTINA BELL, | : | **FILED** |
| Defendant. | : | FEB 2 1 2008 |
| | : | NANCY MAYER WHITTINGTON, CLERK |
| | : | U S DISTRICT COURT |

## STATEMENT OF OFFENSE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts which the United States would have presented if this matter had gone to trial. The facts presented below show, beyond a reasonable doubt, that between on or about January 1, 2007 through on or about June 30, 2007, defendant Christina Bell (hereinafter, "Bell" or "defendant") committed the offense of Theft from a Program Receiving Federal Funds, in violation of 18 U.S.C. § 666.

At all relevant times, Bell was employed as a Benefits Data Analyst for Howard University, located in the District of Columbia. Howard University is an organization that received more than $10,000 in federal grant funds during a continuous one year period, including during the period of this offense; that is, from October 1, 2006 through November 30, 2007.

As a Benefits Data Analyst, Bell's duties included enrolling employees into Howard's financial benefits programs and processing various financial transactions related to employee benefits accounts. For example, Bell was responsible for processing financial transactions that placed Howard University funds into employee retirement accounts held with private companies.

As an employee of Howard University, Bell established a legitimate retirement benefits account with AIG VALIC, a financial company authorized to maintain retirement benefits accounts for Howard employees. Once her AIG VALIC account was established in July, 2006, both the defendant and Howard made regular, authorized monetary contributions into her account on her paydays. However, Bell, who had the responsibility for distributing Howard's funds into employee retirement accounts, including her own, also made unauthorized contributions into her AIG VALIC account, using Howard's funds, in the following amounts: (1) on January 5, 2007, $5,081.10; (2) on May 11, 2007, $9,922.01; and (3) on May 25, 2007, $444. The defendant then applied for and received two loans from her AIG VALIC account. On January 9, 2007, Bell received a loan of $3,203.59, and on May 24, 2007, she received a loan of $5,538.64, for a total of $8,742.23.

Bell also established an entirely fraudulent retirement account for herself with TIAA-CREF, another company that held retirement benefits accounts for employees of Howard University. After she set up an account with TIAA-CREF, Bell used Howard's funds to make the following unauthorized contributions into her account: (1) on April 19, 2007, $4,822.14; (2) on May 21, 2007, $6,523.84; and (3) on June 26, 2007, $7,103.41. The defendant also applied for and received two loans from the TIAA-CREF account. On April 26, 2007, she received a loan of $2,194 and on May 24, 2007, she received a loan of $2,956.08, for a total of $5,150.08. Bell was not entitled to receive any of the funds contributed into her TIAA-CREF account or obtained as a result of loans from that account.

Bell made fraudulent contributions to her AIG VALIC and TIAA-CREF accounts totaling $33,896.50. She received loans from those accounts totaling $13,892.31.

On June 29, 2007, an employee with TIAA-CREF notified Bell's supervisor at Howard that TIAA-CREF had received another loan application and Loan Spousal Waiver form from the defendant. Bell was seeking a third loan from TIAA-CREF in the amount of $3,218.44. The loan application was rejected because, on the Loan Spousal Waiver form, Bell had forged her supervisor's signature and misspelled the supervisor's name. Bell also had falsely stated on the Loan Spousal Waiver form that she was not married.

                                                Respectfully submitted,

                                                JEFFREY A. TAYLOR
                                                United States Attorney

By:    _____
           FREDERICK W. YETTE
           Assistant United States Attorney
           D.C. Bar No. #385391
           Federal Major Crimes Section
           555 4th Street, N.W., 4th Floor
           Washington, D.C. 20530
           (202) 353-1666
           Frederick.Yette@usdoj.gov

**Defendant's Acceptance of Factual Proffer**

     I have read this Factual Proffer in Support of Guilty Plea and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Factual Proffer and all matters relating to it. I fully understand this Factual Proffer and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Factual Proffer fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

2/21/08                                                C M Bell
Date                                                  Christina Bell

**Defense Counsel's Acknowledgment**

  I am Christina Bell's attorney. I have reviewed every part of this Factual Proffer in Support of Guilty Plea with her. It accurately and completely sets forth the Factual Proffer agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

_2/21/08_
Date

_Dani Jahn_
Dani Jahn, Esq.