# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO.:   08-20 (HHK) |
| | : |
| v. | : |
| | : |
| **CHRISTINA BELL,** | : |
| | : |
| Defendant. | : |
| | : |
| | : |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision. For the reasons explained below, the government urges the Court to impose a sentence that falls within the Sentencing Guideline range of 6 to 12 months, as recommended by paragraph 59 of the Presentence Report. Further, the government does not oppose a sentence that substitutes community confinement or home detention for part of the required term of imprisonment. The government's reasoning for this request is explained below.

At the time of this offense, defendant Christine Bell was employed as a Benefits Data Analyst for Howard University, in Washington, D.C. In that position, she helped administer Howard's financial benefits programs and was responsible for processing various financial transactions related to employee benefits accounts. However, the defendant abused her position by stealing $33,896.50 from Howard, which she placed into her retirement accounts. Of that amount, she actually obtained loans from those accounts totaling $13,892.31. Therefore, in accordance with paragraph 77 of the Presentence Report, the government requests that the Court order the defendant to pay Howard

restitution in the amount of $13,892.31.

The defendant also faces a prison term of 6 to 12 months, as calculated by the Sentencing Guidelines. Howard University, through its Chief Financial Officer-Treasurer, Sidney H. Evans, Jr., has submitted a Victim Impact Statement which urges the Court to impose a term of imprisonment of at least 6 months. The government agrees that a significant sentence is appropriate in this matter. However, since this is the defendant's first offense, and during a meeting with the government the defendant appeared to be remorseful and forthright in admitting her crime, the government does not oppose a more lenient sentence that still falls within the parameters of the Sentencing Guidelines.

Especially since the defendant expects to be working at the time she is sentenced, the government does not oppose a sentence that substitutes community confinement or home detention for imprisonment. Such a sentence should allow her to continue working and help ensure that she will be able to make restitution to Howard. In addition, the sentence will send a message to Ms. Bell that her criminal behavior cannot be tolerated or repeated.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____/s/_____
FREDERICK W. YETTE
Assistant United States Attorney
D.C. Bar No. #385391
Federal Major Crimes Section
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 353-1666
Frederick.Yette@usdoj.gov